Manrique, Appellant, *v.* Registrar of Guayama, Respondent.

Appeal from a decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 604.—Decided December 5, 1924.

Record of Title—Powers of Registrar—Defects—Refusal to Record—Stare Decisis.—The doctrine that a prior decision of the same matter is conclusive, applied in *Roig* v. *Registrar,* 18 P. R. R. 11, is not applicable to a case in which the registrar assigns as curable a defect which he had assigned as incurable in a previous decision from which an appeal was taken on that ground.

The facts are stated in the opinion.

*Mr. A. López* for the appellant.

The respondent appeared by brief.

Mr. Justice Aldrey delivered the opinion of the court.

The Registrar of Property of Guayama refused to record a deed of purchase and sale executed as a result of a forced sale of the property in foreclosure proceedings, giving as his reasons that it did not appear in any manner that the mortgagor had been duly summoned, and that the notices of the sale were published on three consecutive days instead of once a week for twenty days. He also pointed out in his decision several curable defects. The vendee appealed from the registrar's decision and this court sustained the registrar in refusing to record the deed because there was no showing that demand for payment had been made, but held that as possibly it had been made, this fact could be established by the corresponding document. As to the other ground of the decision, it was held that the publication of the notices of sale on three consecutive days instead of once a week for twenty days as required by section 251 of the Code of Civil Procedure, which is applicable to foreclosure sales, was a mere irregularity which did not void the contract. This court admitted the existence of the curable defects pointed out by the registrar and for that reason

affirmed his decision except as to the second incurable defect assigned. See the case of *Manrique* v. *Registrar,* decided July 12, 1924, *ante,* page 515.

After that decision the registrar converted the cautionary notice of the sale into a final record upon being shown that the demand for payment had been made and on the authority of this court's decision in regard to the publication of the notices, but mentioned in the record as a curable defect that the notices of sale had been published on three consecutive days, for which reason Manrique has taken this new appeal alleging as its only ground that the assignment of this curable defect is contrary to the rule that a prior decision of the same matter is conclusive, applied in the case of *Roig* v. *Registrar,* 18 P.R.R. 11.

The case cited by the appellant is not applicable here, for in that case the registrar refused for the second time to record a document for reasons distinct from those given in support of his first decision and reviewed by this court on appeal, while in this case the registrar has neither refused the record nor pointed out a defect not previously mentioned, for although in his first decision he made reference to the manner of publishing the notices, which he considered an incurable defect, as this court decided that it was not incurable but a mere irregularity in the proceedings for the sale, he has assigned the same in his new decision as a curable defect.

The registrar not having assigned in his decision now on appeal a new defect not mentioned in the first decision previously reviewed by this court, the ground relied on for a reversal is untenable and the decision must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.